# Kelly, Appellant, v. Werner Co.

*Negligence—Automobiles—Pedestrian — Unlighted towing rope —Case for jury.*

In an action to recover damages for the death of a pedestrian run down by a motor truck at a crossing, the case is for the jury and a judgment on a verdict for plaintiff will be sustained, where the evidence tends to show that the accident occurred after it was dark on a busy street; that plaintiff while on the curb noticed defendant's motor truck approaching at a slow rate of speed; that after the truck passed seeing another approaching at slow speed, he proceeded to pass between them, and when half way across was tripped by a sagging towing rope which was stretched between the two trucks at a distance of from twenty-five to thirty feet; that he was caught by the rope and run down by the second truck which was operated by defendant's employees; that there were two men on each truck and notice was given by horn signals and front lights on the trucks; that there was no light on the rope; that the rope and brick pavement were both of a yellowish color which was in the uncertain light made the rope inconspicuous; and that there was no municipal regulation relating to the manner of towing automobiles.

An act which is not in itself unlawful may become such when damage has accrued thereby to the person, or property of another. If a party does a wrongful act, or a rightful one in a negligent wrongful manner, whereby injury happens to another, such act being the proximate cause, may make the party committing it

liable for the injury. One who inflicts an injury by reason of negligence is liable, although the act was lawful.

Argued Dec. 4, 1917. Appeal, No. 250, Oct. T., 1917, by plaintiff, from judgment of C. P. Northampton Co., Dec. T., 1913, No. 29, for defendant n. o. v. in case of David Kelly, now Mary U. Kelly, Administratrix, v. Werner Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Reversed.

Trespass to recover damages for death. Before STEWART, P. J.

At the trial the jury returned a verdict for plaintiff for $1,275. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*James W. Fox*, with him *Edward J. Fox* and *F. P. McCluskey*, for appellant.—The driver of the first truck of course could not see what was occurring behind him, and the power which propelled these vehicles being under his control, it should have been possible to have brought these slowly moving vehicles to instant halt when this accident happened: McClung v. Penna. Taximeter Cab Co., 252 Pa. 478; Ellison v. Atlantic Refining Co., 62 Pa. Superior Ct. 370.

It was argued by the defendant that it was the duty of Kelly to have seen the rope but we submit that whether he ought to have seen the rope was a question of fact for the jury under all the circumstances and was not a question of law to be decided by the court: Haas v. Chester St. Ry. Co., 202 Pa. 145; Frankel v. Norris, 252 Pa. 14; Miller v. Tiedemann, 249 Pa. 234; Lewis v. Wood, 247 Pa. 545.

*Robert A. Stotz*, for appellee.

OPINION BY ORLADY, P. J., March 8, 1918:

David W. Kelly was injured about eight o'clock in the evening of December 13, 1912, while crossing the principal street of the City of Easton where it joins a public square, at a time when the street was occupied by crowded traffic. While on the curb, he noticed the defendant's motortruck approaching at a slow rate of speed; after the truck passed, and seeing another one coming from the same direction, at a slow speed, he proceeded to pass between them, and when half way across the street, was tripped by a rope which was stretched between the two trucks, and before he could extricate himself, was thrown to the ground, run over by the front wheels of the rear one and seriously injured. Both trucks were operated by defendant's employees, there being two men on each, one on the driver's seat and the other in a position to warn pedestrians if necessary. Notice of their approach was given by horn signals and there were front lights on both, but there was no light on the rope, which was so fastened around the axle of the front car and attached to the rear one, that the trucks were 25 to 30 feet apart; the rope and the brick pavement were both of a yellowish color, which in the uncertain light made it inconspicuous.

The allegation of negligence was, that the rope used to connect the two cars was much longer than was ordinarily used in towing an automobile; that the plaintiff had no notice of the fact that the second car was being towed, no warning being given by defendant's employees of its relation to the first truck; that the rope was attached to the cars in such a way that it sagged and hung so near the ground as to make it difficult for a pedestrian to observe it; that the trucks were being operated on the south side of the street, in violation of an ordinance, and where the streets were not well lighted; that by the application of proper brakes on the rear truck its progress could have been promptly stopped, and the plaintiff's injuries avoided.

After trial, in which the defendant's negligence and the plaintiff's contributory negligence were fully and carefully submitted to the jury, a verdict was returned in the plaintiff's favor, which was subsequently directed to be entered in favor of the defendant, on a motion for judgment non obstante veredicto, for the reasons that the defendant was engaged in a lawful act and performed it in a nonnegligent manner, and that the plaintiff was guilty of contributory negligence in crossing the street between the trucks under the circumstances.

The record does not disclose any municipal regulation in regard to the manner of towing automobiles, and the fact that this method was not prohibited did not make this unusual procedure such a lawful one as to relieve the owner from liability for a negligent operation of his machine. It cannot be said to have been sanctioned by law, when there was no regulations on the subject. The rate of speed was regulated, but the methods of joining automobiles is not defined by any statute in this State.

The case is unusual in its facts, and the question is, not whether there is any precedent to govern it, but whether the defendant inflicted such a wrong upon the plaintiff as resulted in lawful damages. An act which is not in itself unlawful may become such when damage has accrued thereby to the person or property of another. If a party does a wrongful act, or a rightful one in a negligent, wrongful manner, whereby injury happens to another, such act, being the proximate cause, may make the party committing it liable for the injuries. One who inflicts an injury by reason of negligence is liable, although the act was lawful: 1 Hill on Torts, 124; 2 Hill on Torts, 506.

It is conceded, that the proximate cause of this accident was the sagging towing rope between the trucks, and without it Kelly would have passed in safety in front of the second truck. By this rope he was tripped and thrown to the ground, and there struck by the second truck. Had the second truck been detached and

under proper control, it is reasonably probable that it would have been stopped before striking his body, as it was proceeding at a very slow rate of speed.

A court is not called on to draw doubtful deductions from unusual conditions, and there are debatable inferences to be deduced from the conceded facts in this, so that a jury alone should decide that this plaintiff was guilty of contributory negligence. The unexpected connection between the two trucks, the unlighted rope, the confusion of color between the paved street and the rope, its length, the congested traffic, with the disturbing noises incident thereto, the necessity for expeditious crossing of streets by pedestrians; while the lights on the second truck would indicate its presence,—were they sufficient to clearly point out the sagging trail rope? the same query is suggested by the horn signal, and, was the towing plan adopted by the defendant reasonably adequate on a congested city street?—these and other facts presented exceptional questions in determining whether the plaintiff had a reasonable right to believe that the second car was not proceeding under its own power, independent of the forward one. In such cases, the practical knowledge and common sense of a jury, applied to the evidence should be resorted to to determine whether the injury is the real proximate result of the negligence, or, by reason of intervening and independent causes must be regarded as too remote, and the result not within in the probable foresight of the party whose negligence is alleged to have produced it: Penna. R. R. Co. v. Hope, 80 Pa. 373. In all, or nearly all of cases, the rule for determination is, what is the proximate cause, so that the injury must be the natural and probable consequence of the negligence, and that this might and ought to have been foreseen under the surrounding circumstances.

From the undisputed facts in this case, all the court could do would be to aid the jury by pointing to the relation of the injured party to the facts as they were presented to him. The natural probability of a consequence

which ought to have been foreseen, is a matter of fact to be determined upon the evidence, and every case must depend largely upon its own circumstances. The rule concerning involuntary negligence as distinguished from wanton or intentional injury, is expressed in the maxim, —the immediate and not the remote cause is to be considered. The operation of an automobile upon the crowded streets of a city necessitates exceeding carefulness on the part of the driver. Moving quietly as it does, without noise which accompanies the movement of a street car or other ordinarily heavy vehicle, it is necessary that caution should be continuously exercised to avoid collisions with pedestrians unwarned of its approach. The speed should be limited, warning of approach given, and skill and care in its management so exercised as to anticipate such collision as the nature of the machine and the location might suggest as liable to occur in the absence of such precautions. Ordinarily, the questions of negligence and contributory negligence are for the jury, and the latter is a special defense which must be clearly made out, to justify the trial judge in holding, as a matter of law, that the defendant is not liable by reason of the plaintiff's contributory negligence: Huddy on Automobiles, Sec. 101-110.

The rule has been often declared,—what constitutes negligence, in a given exigency, is generally a question for the jury and not for the court. Negligence is want of care under the circumstances; the standard is, therefor necessarily variable; no fixed rule of duty can be found which can apply to all cases; the opportunity for deliberation and action, the degree of danger and many other considerations of a like nature affect the standard of care which may be reasonably required in a particular case. When the standard shifts, not according to any certain rule, but with the facts and circumstances developed at the trial, it cannot be determined by the court, but must be submitted to the jury: Schum v. Penna. R.

Opinion of the Court. [69 Pa. Superior Ct.

R., 107 Pa. 8; Central Dist., Etc., Telegraph Co. v. Otis Elevator Co., 54 Pa. Superior Ct. 649.

The degree of care used by the driver of such a machine should be commensurate with the dangers naturally incident to the use of the machine in the particular place; he is not required to anticipate or guard against anything that appearances would not usually suggest to an ordinarily prudent person; yet, it is his manifest duty to keep a lookout to avoid injury to pedestrians and others using the public streets: Minor v. Stevens, 42 Lawyers Reports Annotated, N. S. p. 1178, and notes,— and be specially watchful in anticipation of the presence of others at places where other vehicles are constantly passing, and where men, women and children are liable to be crossing, such as corners, at the intersection of streets or near street cars, from which passengers may alight or may be about to alight, or in other similar places or situations, where people are likely to fail to observe an approaching automobile: 2 Ruling Case Law, 1184.

We feel that the question of the defendant's negligence and the contributory negligence of David W. Kelly, were fairly and properly submitted to the jury, and that its conclusion was fully warranted by the evidence.

The judgment is reversed, the record to be remitted with the direction to enter judgment on the verdict.